Mary E. Kennedy

*v.*

Lavica M. Kennedy *et al.*

*Filed at Mt. Vernon January 31, 1883.*

1. Will—*rule of construction.* In the construction of a will the principal inquiry is the intention of the testator, from the words used, and if this satisfactorily appears from the will, it should prevail over any artificial rule of construction.

2. Same—*devise of the "homestead"—life estate, with power of disposition.* A testator, being the owner of six hundred and thirty acres of land, forming one connected body of land, upon which he resided, and which he cultivated and carried on as one common farm, besides some disconnected tracts, made a devise to his wife, as follows: "I give and bequeath to my wife, Mary, my homestead, to have and to hold during her life, to occupy and use the same, or dispose of it, at her will and pleasure, and use and control the proceeds thereof, in lieu of her dower in my real estate, and one horse," etc.: *Held,* that the word "homestead" was not used in the statutory sense, as known in the Homestead Exemption law, but it was meant to embrace the entire farm upon which he resided, being six hundred and thirty acres, but not the detached tracts; that only a life estate was given, and that the power of disposition in the wife was limited to the life estate.

3. Executors—*circuit court not authorized to appoint.* The appointment of executors belongs to the jurisdiction of the county court, and when one of several executors dies, the circuit court should not appoint another on bill for construction of the will, but should leave that with the county court.

Writ of Error to the Circuit Court of Washington county; the Hon. Amos Watts, Judge, presiding.

Mr. W. Henry Moore, for the plaintiff in error:

The widow takes a life estate in the homestead. *Johnson et al.* v. *Johnson et al.* 98 Ill. 564; *Welsch* v. *Belleville Savings Bank,* 94 id. 191; *Weed* v. *Aldrich,* 5 Thomp. & Cook, (N. Y.) 105.

As to the meaning of the word "homestead," in a devise, and its extent, see *Gregg* v. *Bostwick,* 33 Cal. 220; *Hopkins* v. *Grimes,* 14 Iowa, 73.

The power of appointment and control of executors, and general administration of estates, is in the county court. Rev. Stat. chap. 37, sec. 93; chap. 3, sec. 38, and administration of estates generally.

Messrs. HOSMER, ROUNTREE & AKINS, for the defendants in error:

The only tests of a homestead are use and value, which the statute fixes. *Gregg* v. *Bostwick*, 33 Cal. 220.

The tests of a homestead are the same as between the claimant and a vendee, mortgagee, creditors, and the heirs. *Estate of Delaney*, 27 Cal. 180.

Redfield on Law of Wills, rule 16, vol. 1, page 427, says, "that words in general are to be taken in their ordinary and grammatical sense, unless a clear intention to use them in another can be collected, and that other ascertained." Rule 17, same page: "Where a testator uses technical words he is presumed to employ them in their legal sense." And again, same volume, sec. 3, page 434: "In seeking for the expressed intention of the testator, his words are to receive that construction which a long series of decisions has attached to them, unless it is very certain they were used in a different sense."

See *Fairman* v. *Beal*, 14 Ill. 244: "If land be devised to a person, with general power to dispose of the same, an estate in fee simple passes. Such a power of disposition amounts to an absolute gift of the property." And see *Funk* v. *Eggleston*, 92 Ill. 515, and *Markillie* v. *Ragland*, 77 id. 98, for the same doctrine.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The principal object of the bill in chancery in this case was to obtain a judicial construction of the following clause of the will of Dempsey Kennedy, deceased, viz: "After the payment of all my just debts and expenses, I give and bequeath to my wife, Mary, my homestead, to have and to hold

during her life, to occupy and use the same, or dispose of it, at her will and pleasure, and use and control the proceeds thereof, in lieu of her dower in my real estate, and one horse and carriage, and harness, two cows, all my household and kitchen furniture, $2000 in money, and my family library, for her own property." And the particular in which construction is sought respects the word "homestead,"—the meaning thereof, and what estate it embraces.

The will bears date September 6, 1869. The testator died about the month of October, 1870. His wife, Mary, was his second wife, by whom he had three children living at his death, and she was then about seventy years of age. By his first wife he had five children, two of whom were living at his death, and descendants of the three others. The testator, at the time of the making of his will and of his death, was the owner of a body of land of about six hundred and thirty acres, situated in Washington county, in this State, and in sections 16, 17 and 20, in township 2 south, range 2 west of the third principal meridian,—the part in section 16 lying along the whole extent of its west line; the part in section 17 lying along the whole extent of the east line, and the part in section 20 being the west half of the north-east quarter, and the east half of the north-west quarter. These lands formed one connected body of land, upon which the testator resided, and which he cultivated and carried on as one common farm, having owned the lands in sections 16 and 17 from thirty to forty years, and the others about fifty-nine years. His dwelling house and out-buildings were situated on the west half of the north-east quarter of section 20. There were four tenant houses on the premises,—one in the yard where the dwelling house stood, and the others in different places. The testator also owned a detached tract of one hundred and forty-five acres of timbered land in the south-east quarter of section 5, in the same township, and a two-thirds interest in three hundred and twenty acres of land in

Williamson county, and some three or four lots in Fayette-ville. .The testator left no minor child, nor had one, when he made the will. There were devises over of the remainder. The circuit court decided that Mary Kennedy, the widow, was entitled only to a homestead of the value of $1000, and appointed three commissioners to set the same off, who set off to the widow the dwelling house and thirty acres of land upon which it was situated, in the west half of the north-east quarter of section 20.

In support of the decree, counsel for defendants in error insist upon the application of the rule, that where a testator uses technical words he is presumed to employ them in their legal sense, and contends that the term "homestead" in this will must be held to mean the estate of homestead which is given by our Homestead Exemption act. The point of inquiry must be the intention of the testator, what did he mean by the term employed, and if that be satisfactorily ascertained from the will, it should prevail over any artificial rule of construction.

. It would be strange that a testator should undertake, under-standingly, to devise the estate of homestead which is given by the Homestead Exemption act, and that, too, in lieu of dower. The law itself gives it, and it would be an idle act to attempt to give it by devise. And the law gives dower as well, and it would not be in the power of a testator to give that estate of homestead in lieu of dower, or of anything else. We are of opinion that the testator in this case did not em-ploy the term "homestead" in the statutory sense, as known in the Homestead Exemption law, but that he used it in the untechnical, ordinary acceptation of the word,—that he meant by it his home place, the place upon which he lived. And we do not know how we can restrict this in extent to any particular legal subdivision, or to any definite quantity of land short of the entire place which was used and occupied together,—which is to say, the testator intended here to em-

brace his home farm, this whole body of land in sections 16, 17 and 20, which was all connected together, which he lived upon, and carried on as one single farm. . This would not include the detached tract in section 5, or any other land. It is only a life estate which is given, and the power of disposition mentioned in the clause under consideration is to be limited to the life estate. *Boyd* v. *Strahan*, 36 Ill. 355; *Henderson* v. *Blackburn*, 104 id. 227.

We are satisfied with the finding that no waste had been committed.

Three executors of the will were appointed. The bill represents that one has died; that since his death it has been impossible to transact any business, on account of one of the two remaining executors refusing to act; that the will requires the coöperation of two executors, and the appointment of an executor in place of the one deceased is asked. The decree makes appointment of another executor. The appointment of executors belongs to the jurisdiction of the court of probate, (the county court,) and we think it should have been left with that court to make such appointment.

The decree of the circuit court is reversed, and the cause remanded for further proceedings in conformity with this opinion.                                    *Decree reversed.*