ELLIS KAUFMAN *et al.*

*v.*

STEPHEN L. BRECKINRIDGE *et al.*

*Filed at Mt. Vernon June 12, 1886.*

1. WILL—*estate for life, with power of disposition—extent of the power.* A testator devised to his wife all his goods, estates and chattels, real, personal and mixed, "to have, hold and use the same so long as she might remain his widow," said goods, estates, etc., to be disposed of and used agreeably to her direction and approval, and in such manner as she "might deem most conducive to the welfare and comfortable subsistence of herself and their children," who were mostly dependent on the testator for support. The will contemplated that the widow and children should remain upon the homestead and have a comfortable living, and it appeared that the testator left but

20—117 ILL.

| | |
|---|---|
| 117 | 305 |
| 121 | 230 |
| 121 | 231 |
| 22a | 293 |
| 117 | 305 |
| 28a | 350 |
| 28a | 352 |
| 117 | 305 |
| 134 | 92 |
| 117 | 305 |
| 141 | 381 |
| 117 | 305 |
| 162 | 129 |
| 117 | 305 |
| 163 | 300 |
| 117 | 305 |
| 169 | 369 |
| 117 | 305 |
| 178 | 400 |
| 117 | 305 |
| 181 | 518 |
| 117 | 305 |
| 182 | 117 |
| 117 | 305 |
| 185 | 382 |
| 117 | 305 |
| 111a | [2]185 |
| 117 | 305 |
| 215 | 136 |

little personal property, and that most of the real estate was unproductive, and the income thereof was insufficient to support the family and keep up the homestead as was required: *Held,* that the widow took an estate in the property, both real and personal, during her widowhood, with the power to sell and dispose of it, except the homestead, in fee.

2.   Where a power of disposal accompanies a devise or bequest of a life estate, that power will be limited to the estate which the devisee takes under the will, and be held to mean only such a disposal as a tenant for life could make, unless there are other words clearly indicating that a larger power was intended.

3.   But where there is given to the life tenant the power to dispose of the property for a certain purpose, which can not be accomplished by a disposition of the life estate only, and can be effectuated only by a sale of the property absolutely, the power of disposition given will be held to be that which is necessary for the accomplishment of the object for which it is given.

4.   SAME—*extrinsic evidence to aid in ascertaining intent.* To enable the court to arrive at the intention of a testator in making disposition of his property, extrinsic evidence or testimony is proper to show the circumstances under which the will was made,—as, the state and condition of his property, of his family, and the like.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was a bill filed in the Madison county circuit court, on September 26, 1883, for partition of real estate lying in that county and in the county of Cook, by the two children and five grand-children of Stephen H. Long, deceased.   The latter was a resident of Alton, Madison county, Illinois, and died September 4, 1864, leaving him surviving, his widow, Martha Long, and three children,—Henry Long, William D. Long and Lucy L. Breckinridge, then the wife of Marcus P. Breckinridge.   The will of the deceased, made January 12, 1864, and drawn by himself, contained the following provisions :

"*Item first*—I give and bequeath to my beloved wife, Martha Long, all my goods, estates and chattels, real, personal and mixed, to have, hold and use the same so long as she may remain my widow, said goods, estates, etc., to be disposed of

and used agreeably to her direction and approval, and in such manner as she may deem most conducive to the welfare and comfortable subsistence of herself and our beloved children, William D. Long, Henry C. Long and Lucy L. Breckinridge.

"*Item second*—From and after the demise of the said Martha, the surviving children of the said William, Henry and Lucy, or either of them, shall share equally with the said William, Henry and Lucy in the division and distribution of said goods, estates, etc.

"*Item fourth*—With regard to my homestead, lately purchased of Alfred Dow and others, and now occupied by my family, no sale, division or distribution shall be made thereof except as hereinafter provided for, but the same shall remain in the occupancy and possession of some one or more of my said family so long as the homestead shall be kept by the occupants thereof in good condition and repair in all respects ; but in case said occupants should fail to keep said homestead in good condition and repair, then, and in that event, the said homestead is hereby donated to the city council of Alton, Illinois, to be occupied exclusively as a seminary for young ladies," etc., and in case of failure by the city council to keep it in good repair and condition, it was to revert to the heirs.

"*Item sixth*—I hereby constitute, ordain and appoint Marcus P. Breckinridge, my son-in-law, as principal executor and administrator, and Henry C. Long, my son, as assistant executor and administrator, to carry into effect, on consultation and approval of the said Martha, my wife, and others of my family, all the provisions and bequests contemplated in this my last will and testament, the said Henry being desired and expected to aid and assist the said Marcus in the arduous and responsible duties devolving on the latter as principal executor and administrator, whenever the assistance of the said Henry is needed and required by the said Marcus, who is desired and expected to fix his permanent residence, with his wife and children, in and at the said homestead, while the

said assistant executor, etc., is likely to be absent therefrom more or less frequently, and for longer or shorter periods."

Stephen H. Long was a colonel in the engineer corps of the United States army. At the time of the making of his will, and of his death, his family consisted of himself, wife, and his son, William D. Long, who was imbecile from his birth, his son-in-law, M. P. Breckinridge, and wife and four children, the eldest about ten years old, residing with him at the time, and also his son, Henry C. Long. The evidence shows they were all, except Henry C. Long, dependent upon Stephen H. Long; that Henry C. was to a considerable extent dependent on him, because of his intemperance. Since her father's death another child has been born to Mrs. Breckinridge. As the witnesses say, Colonel Long lived in first rate style, and in keeping with his position as colonel in the regular army, and after his death the family maintained about the same style of living. The inventory of his estate showed real estate of the value of $47,880, chattel property of the value of $991, and notes and accounts of the value of $1940, the testimony being that a large portion of the latter was against relations, and not collectible. Mr. Davis, a lawyer residing at Alton, in a deposition given in 1873, in another case, and used in this by consent, says: After the death of Col. S. H. Long, "I was consulted by his executors, and became intimately acquainted with the pecuniary condition of his estate, and the nature and condition of his property. His estate consisted of unproductive real estate, with the exception of a small portion of personal property. The real estate could not be rented so as to produce an income, and it could only be made available to support the family by selling it; unless this could be done his family would be left almost destitute. Under my advice Mrs. Long has sold some of the real estate to support herself and family. The sales made by her have never been questioned, and the proceeds from such sales have been the only support of herself and family and her grand-children.

These grand-children should now be receiving an education suitable for their condition in life." From time to time, from April 27, 1865, to January 11, 1867, Martha Long, the widow, and Marcus P. Breckinridge, the executor, sold and conveyed, in fee simple, the lands in Madison county, and on June 1, 1872, Mrs. Long (Marcus P. Breckinridge having died in 1870,) sold and conveyed, by warranty deed, the lands in Cook county, the latter, in all two hundred acres, for $40,000. Lucy L. Breckinridge, the daughter, united in this conveyance as grantor. Henry C. Long died about April 11, 1871, intestate, and without widow or children. Martha Long, the widow, died September 4, 1873.

The bill was filed by Lucy L. Breckinridge and William D. Long, the two surviving children of Stephen D. Long, and by the five children of Lucy L. Breckinridge. It prays that all the said deeds made by Martha Long, and by Martha Long and Marcus P. Breckinridge, be declared of no effect as against the complainants under the will; that the title to all the said lands be declared to be vested in the complainants, since the death of said Martha Long, and for a partition. Answers were filed and proofs taken, and, on final hearing, the court decreed in favor of the complainants, finding the title to the lands to be in them; that by the will of Stephen H. Long no power was conferred upon said Martha Long, or Marcus P. Breckinridge, the executor, to convey the lands in fee; that under the will the said Martha Long had power to dispose of the life estate only, which was thereby devised to her.

Mr. George F. McNulty, for the appellants Long, Spaulding, Graessli and Stanley:

In construing wills, the intention of the testator must be the governing principle. It is collected from the whole will. All the words and provisions should be used. *Boyd* v. *Strahan,* 36 Ill. 358; *Brownfield* v. *Wilson,* 78 id. 467; *Rountree* v. *Tal-*

*bot,* 89 id. 246; *Caruthers* v. *McNeil,* 97 id. 256; *Kennedy* v. *Kennedy,* 105 id. 350; *Hamlin* v. *Express Co.* 107 id. 443.

No part should be left inoperative. *Jones* v. *Bramblet,* 1 Scam. 276; *Bergan* v. *Cahill,* 55 Ill. 160; *Markillie* v. *Ragland,* 77 id. 198.

Particular expressions yield ·to the general purpose. *Updike* v. *Tompkins,* 100 Ill. 406.

When wills are written by persons unskilled in the use of legal terms, technical rules are not rigidly enforced. *Brownfield* v. *Wilson,* 78 Ill. 467.

Courts may resort to surrounding circumstances to aid in ascertaining the intention of the testator. *Brownfield* v. *Wilson, supra;* Jarman on Wills, 10th rule; 4 Kent's Com. 535.

This will gave the widow of testator a life estate, with power to sell the fee. *Jarrott* v. *Vaughn,* 2 Gilm. 132; *Fairman* v. *Beal,* 14 Ill. 244; *Funk* v. *Eggleston,* 92 id. 515; *Henderson* v. *Blackburn,* 104 id. 229.

The power to sell was a trust, for "every power given in a will is considered, in a court of chancery, as a trust for the person for whose use the power is made." 2 Washburn on Real Prop. 663; Bispham's Eq. sec. 77, p. 116; *Clinefelter* v. *Ayers,* 16 Ill. 329.

Messrs. Baker & Baker, for the appellants Norman Stanley, Peter Lohr and John S. Culp:

That the widow took a power of absolute disposition, see *Raiks* v. *Ward,* 1 Hare, 445; *Lambe* v. *Eames,* L. R. 6 Ch. 597; *Hughes* v. *Washington,* 72 Ill. 84; *Markillie* v. *Ragland,* 77 id. 98; *Jennings* v. *Jennings,* 27 id. 522; *Funk* v. *Eggleston,* 92 id. 515; *Welsch* v. *Belleville Savings Bank,* 94 id. 191; *Crozier* v. *Hoyt,* 97 id. 23; *Henderson* v. *Blackburn,* 104 id. 227; *Hamlin* v. *Express Co.* 107 id. 443.

That the intention of the testator must govern, see 3 Jarman on Wills, 705, 733; Wigram on Wills, (2d ed.) 75; *Jesson* v. *Wright,* 2 Bligh, 1; *Smith* v. *Bell,* 6 Pet. 68; *Finlay*

v. *King*, 3 id. 377; *Hunt* v. *White*, 24 Texas, 642; *Stephenson* v. *Denly*, 4 Ind. 519; *Glover* v. *Hayward*, 4 Cush. 580; *Smith* v. *Taylor*, 21 Ill. 296.

Messrs. ROSENTHAL & PENCE, for the appellant the International Bank:

The right to dispose of the estate clearly refers to the property itself, and not merely to her interest in it. *Roe* v. *Bacon*, 4 M. & S. 366; *Uthwatt* v. *Bryant*, 6 Taunt. 316; *Leiter* v. *Shepard*, 85 Ill. 247; *Leland* v. *Adams*, 9 Gray, 174.

The devise of a life estate, with power to sell and dispose of the fee, with remainder over if not disposed of, contravenes no principle of law. *Markillie* v. *Ragland*, 77 Ill. 98; *Henderson* v. *Blackburn*, 104 id. 227; *Funk* v. *Eggleston*, 92 id. 515; *Crozier* v. *Hoyt*, 97 id. 23; *Hamlin* v. *Express Co.* 107 id. 443; *Surman* v. *Surman*, 5 Madd. 123; *Larned* v. *Bridge*, 17 Peck, 339.

All the circumstances surrounding the testator will be inquired into, not for the purpose of ascertaining the intention outside, but for the purpose of adding light as to the meaning of the various provisions. A court will place itself in the position of the testator in order to fully comprehend the objects and intentions of the testator as expressed in the instrument. *Funk* v. *Eggleston*, 92 Ill. 515; *Welsch* v. *Belleville Savings Bank*, 94 id. 191; *Rountree* v. *Talbot*, id. 246; *Poole* v. *Blakie*, 53 id. 495.

The power to dispose of, implies the power to convey. *Hemstreet* v. *Burdick*, 90 Ill. 444; *Fogarty* v. *Sawyer*, 17 Cal. 591; *Valentine* v. *Piper*, 22 Pick. 85.

A power of sale created by will, without stating who is to execute it, can be executed by him or her who is directed to handle, use or distribute the funds. 2 Perry on Trusts, sec. 501; 3 Redfield on Wills, chap. 5, sec. 18, p. 138; 1 Williams on Executors, 1580; *Lippincott* v. *Lippincott*, 4 Greene's Ch. 120; *Pool* v. *Potter*, 68 Ill. 537; *Starr* v. *Moulton*, 97 id. 534.

Messrs. METCALFE & BRADSHAW, for the appellants Stanley and others :

The intention of the testator is the controlling element in the construction of wills.  *Rountree* v. *Talbot*, 89 Ill. 240; *Funk* v. *Eggleston*, 92 id. 515.

The intention to be gathered from the whole will must prevail.  *Boyd* v. *Strahan*, 36 Ill. 355; *Bergan* v. *Cahill*, 55 id. 160; *Brownfield* v. *Wilson*, 78 id. 467; *Welsch* v. *Belleville Savings Bank*, 94 id. 191; *Smythe* v. *Taylor*, 21 id. 296; *Holliday* v. *Dixon*, 27 id. 33.

In determining the character of power granted, the intention, gathered from the whole document, must be ascertained. *White* v. *Glover*, 59 Ill. 459.

A devise for life may be coupled with an absolute power of disposition in the life tenant.  *Fairman* v. *Beal*, 14 Ill. 224; *Markillie* v. *Ragland*, 77 id. 98; *Welsch* v. *Belleville Savings Bank*, 94 id. 191; *Henderson* v. *Blackburn*, 104 id. 227; 1 Sugden on Powers, 173, 174.

Messrs. WISE & DAVIS, and Mr. JOHN G. IRWIN, for the appellees :

No trust is created by the language of the first item of the will.  *Bryan* v. *Howland*, 98 Ill. 625; *Foote* v. *Sanders*, 72 Mo. 616; *Benson* v. *Whittam*, 5 Sim. 22; *Leach* v. *Leach*, 13 Sim. 304; *Burt* v. *Herron*, 66 Pa. St. 400; *Rhett* v. *Mason*, 18 Gratt. 541; *Burke* v. *Valentine*, 52 Barb. 412; *Thorp* v. *Owen*, 2 Hare, 607; *Fox* v. *Fox*, 27 Beav. 310; *Lears* v. *Cunningham*, 122 Mass. 538; *Barst* v. *Marsh*, 126 id. 213.

Where a power of disposal accompanies a bequest or devise of a life estate, the power of disposal is only coëxtensive with the estate which the devisee takes under the will, and means such disposal as a tenant for life could make, unless there are other words clearly indicating that a larger power was intended.  *Boyd* v. *Strahan*, 36 Ill. 355; *Welsch* v. *Belleville Savings Bank*, 94 id. 191; *Henderson* v. *Blackburn*, 104 id.

231; *Kennedy* v. *Kennedy,* 105 id. 350; *Giles* v. *Little,* 104 U. S. 291; *Foote* v. *Sanders,* 72 Mo. 616.

Parol evidence is not admissible. to show the intention of the testator against the construction on the face of the will, and the state of his property can not be resorted to to explain the intention. *Heslop* v. *Gatton,* 71 Ill. 528; *Kurtz* v. *Hibner,* 55 id. 514; *Bishop* v. *Morgan,* 82 id. 352; *Mann* v. *Mann,* 1 Johns. Ch. 231; *Charter* v. *Otis,* 41 Barb. 525; *Updike* v. *Tompkins,* 100 Ill. 406; *Blanchard* v. *Maynard,* 103 id. 60; *Kinney* v. *Kinney,* 34 Mich. 250.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The main question in this case is upon the construction of the will of Stephen H. Long,—whether it conferred the power to dispose of the lands in fee, or only the power to dispose of the life estate, or estate during widowhood, which was devised to the widow.

The will gives to the widow, Martha Long, all the testator's real and personal property, to have, hold and use, so long as she remains his widow, and reliance is had on the general rule that where a power of disposal accompanies a bequest or devise of a life estate, the power of disposal is only coëxtensive with the estate which the devisee takes under the will, and means such disposal as a tenant for life could make, unless there are other words clearly indicating that a larger power was intended. (*Welsch* v. *Belleville Savings Bank,* 94 Ill. 191; *Henderson* v. *Blackburn,* 104 id. 227.) We recognize the rule, and the inquiry before us is, whether, taking the whole will together, in view of the state of the testator's family and property, it indicates the intention to give a power to dispose of anything more than the widow's estate for life, or during widowhood, in the property.

The will contemplates that the testator's entire family,— his widow, his two sons, one of whom was of weak mind and

unable to take care of himself, and the other, who was to some extent a charge upon the testator from his intemperate habits, his daughter with her then four small children, and her husband,—should all remain and live upon the homestead, and that the widow and testator's children should have a comfortable subsistence out of his property. It was a prime object that the testator's homestead should be kept in good condition and repair in all respects, in failure whereof the homestead was to go to the city of Alton for a female seminary. · This object would require expenditure of money. The personal property was of inconsiderable amount. The large quantity of real estate was wholly unimproved and unproductive, with the exception of the homestead and some sixty or seventy acres of the Madison county land under cultivation, the rent from which would hardly more than pay the taxes on it. The taxes upon the real estate were considerable. The age of the testator's wife at the time of the making of the will was about sixty-one years. Under such circumstances is made the devise, "I give and bequeath to my beloved wife, Martha Long, all my goods, estates and chattels, real, personal and mixed, to have, hold and use the same so long as she may remain my widow, said goods, estates, etc., to be disposed of and used agreeably to her direction and approval, and in such manner as she may deem most conducive to the welfare and comfortable subsistence of herself and our beloved children, William D. Long, Henry C. Long and Lucy L. Breckinridge." It is not the mere power of disposal which is given here, nor power of disposal for the widow's own use and benefit, but the power of disposal for the comfortable support of herself and the three children of the testator, circumstanced as they were. There was given power to dispose of the property for the support of the testator's family. The testimony shows most fully that the widow's life estate, or estate during widowhood, in the property, was utterly valueless as a resource for the family's support; that it would have been impossible to have made sale of it for any

amount which would contribute materially to that end. This must have been known and seen by the testator at the time he made his will, from the nature of the property. Where, in such case, there is given to the life tenant the power to dispose of the property for a certain purpose, which purpose it would be impossible to answer by disposition of the life estate, and which could be effectuated only by sale . of the property absolutely, the power of disposition given must be held to be that which is necessary for the accomplishment of the object for which it is given,—to be the power of absolute disposition. The will was drawn by the testator's own hand, in ignorance, it is to be supposed, of any technical rules of construction. And when he gave to his wife power to dispose of his goods and estates, real and personal, in such manner as she might deem most conducive to the welfare and comfortable subsistence of herself and their children, it was his intention the family should be supported out of the property, and we can have no doubt that his meaning was to give the power to dispose of the property itself, if it was needed for that purpose, and not merely the widow's estate for life in the property. And to hold that because the testator had given to the widow an estate for life, or during widowhood, in the property, the power which he gave to dispose of the property was a power only to dispose of her estate for life, or during widowhood, in the property, would be to make use of a mere artificial rule of construction to frustrate a testator's clear meaning. Goods and chattels and lands are grouped together under the power of disposal which is given. It is the same power of disposal which is given in respect of each. It is unreasonable to suppose that it was only the widow's estate for life, or during widowhood, in the goods and chattels, and not the goods and chattels themselves, which the testator intended she should sell for the support of the family. Item fourth, in providing that *no sale* should be made of the homestead, affords some implication that power of sale of the whole prop-

erty had been given, and that it was deemed necessary to make exception of the homestead.

It is objected that all of the extrinsic testimony as to the lands being unimproved and producing no income, and as to the testator's family, etc., is improper in this case. This objection is not well taken. Rule 10, of the general rules of construction of wills, laid down by Jarman, in his work on Wills, (vol. 2, p. 841,) is: "The court will look at the circumstances under which the devisor makes his will,—as, the state of his property, of his family, and the like." This court has often held that there may be created a life estate with power to sell and convey the fee, and limit a remainder after the termination of the life estate. *Fairman* v. *Beal*, 14 Ill. 244; *Funk* v. *Eggleston*, 92 id. 515; *Hamlin* v. *United States Express Co.* 107 id. 443; *Henderson* v. *Blackburn*, 104 id. 227; *Markillie* v. *Ragland*, 77 id. 98. It depends upon the intention, to be gathered from the whole instrument, in the light of the circumstances surrounding the testator, whether the power be given.

We are of opinion that by this will the widow was clothed with a power of the disposition of the absolute estate in favor of herself and children, and that by the exercise of that power her grantees here took the fee, and not her mere life estate in the lands.

There is no charge in the bill of collusion or fraud respecting the sale of the property, or that it did not sell for its full value, or that the proceeds of the sales were not necessary, and used for the support of the family.

The view we have taken renders it unnecessary to consider other important questions which are raised in the case.

The decree will be reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*