## IN RE ESTATE OF GEORGE CASHMAN, DECEASED.

*Wills — Construction—Rules — Life  Estate—Remainder — Limitation of—Sale of Lands—Election—Right of  Widow to Have and Hold a Certain Sum in Cash.*

1.  In the construction of a will the intention of the testator, if not inconsistent with the rules of law, governs; and his intention is to be ascertained from the whole will and all its parts taken together.  Every clause and provision should be given effect, if possible, according to his intention.

2.  In the case presented, the second clause of the will in question gave to the widow a life estate in a certain tract of land, with power of election in her vested to have said land sold by the executors. and to accept instead thereof $3,000 in money, to be accepted and held by her during her natural life, with the remainder, " or so much thereof as may remain unexpended," if any, to the testator's children, the same " to be accepted and held " and by her used and expended in her discretion for her own use and benefit.

3.  The words, " or so much thereof as may remain unexpended," in law and fact, import a power of disposition in the widow and  create a limitation of the remainder after the termination of her life estate.

[Opinion filed December 8, 1888.]

In re Estate of George Cashman.

APPEAL from the County Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. WILLIAMS, LAWRENCE & BANCROFT, for appellant.

The Supreme Court of this State has often held that a life estate may be created with power of disposition in the life tenant, and limit a remainder after the termination of the life estate. Kaufman v. Breckenridge, 117 Ill. 316; Markillie v. Ragland, 77 Ill. 98; Hampton v. United States Express Co., 107 Ill. 443, and numerous other cases.

It will be sufficient if from the entire will any right of management and control can be gathered. Can such an inference properly be drawn from the will in question? The testator leaves his widow a valuable eighty acres of land for life, and thinking that its sale might assist in selling the adjoining lands of the estate, he gives her the option of receiving, in case she sold the land, the sum of $3,000 in money, to be accepted and held by her, as provided in reference to real estate, during her natural life.

The Supreme Court of this State have construed words not so strong as these, for the word "unexpended" did not occur in the case, but instead simply the words, "whatever may remain." We quote: "But the first part of the next clause seems to remove all doubt. He there declares it to be his will that whatever remains of his estate, real and personal, at the death of his wife, should descend to his heirs according to law Had he not intended that his wife should have power to sell his real estate, why speak of what should remain of it at her death?" Markillie v. Ragland, 77 Ill. 102.

So in this case. If the testator had not intended that his wife should have the power to expend the personal estate which he had directed she should accept and hold, why speak of what should remain unexpended at her death?

The testator doubtless contemplated that the benefit his real estate would receive from the sale of the land given to the widow, by her consent, would more than compensate for any impairment her expending any portion of the principal would entail.

This is not an open question in this court. Your Honors have, within the past year, passed upon the very words that occur in this will, and have held the construction for which we contend. Pritchard v. Walker, 22 Ill. App. 286.

Mr. FREDERICK A. WILLOUGHBY, for appellees.

UPTON, J. The sole contention upon this appeal is upon the construction of the second clause in the last will and testament of the late George Cashman, which will was duly admitted to probate in Knox county, a copy of which clause is as follows:

"Second. I give, devise and bequeath unto my beloved wife, Rebecca Cashman, the following described real estate, to wit: The south half ($\frac{1}{2}$) of the southwest quarter ($\frac{1}{4}$) of section seven (7), in township nine (9), north of range two (2), east of the fourth (4th) principal meridian, situated in the county of Knox and State of Illinois, together with all hereditaments and appurtenances thereunto belonging or in any wise appertaining during her natural life; also one milch cow, to be selected by her, and all the household furniture, of every name and nature whatsoever, during her natural life; all of said property to her devised and bequeathed, to be received and accepted by her in lieu of dower and homestead: *Provided*, however, that she, my said wife, may elect to have the above described real estate sold and conveyed by my executors hereinafter named, in connection with my adjoining land or lands (if by them deemed for the best interests of my estate), and accept in lieu thereof the sum of three thousand ($3,000) dollars in money, to be accepted and held by her, as above provided, in reference to said real estate during her natural life, and that after her death all of the said property to her devised and bequeathed (or so much thereof as may remain unexpended), to be converted into money by my executors, and the net proceeds thereof to be divided equally between all my children and their descendants according to law, except the descendants of my son John Cashman, deceased, to wit, my grandsons George Cashman and John Cashman, who are

hereinafter provided for by a specific allowance or legacy in full of all interest in my said estate."

The land mentioned in and devised to Rebecca Cashman by the will, was, by her election, sold by the executors of the estate as authorized by the will. Mrs. Cashman joined in the conveyance and accepted and received and now holds the sum of $3,000 in lieu thereof. The money was paid to her as devisee under the will by her co-executor, J. L. Cashman.

In the executor's report, presented to the Probate Court of Knox county for allowance, this item or fund of $3,000, so paid the widow, Mrs. Cashman, as devisee, was charged to the estate and a corresponding credit given to the executors therefor.

Objections were filed in the Probate Court by a portion of the heirs of said estate to the allowance of that charge or item, with others, in the report. The Probate Court overruled the objections and allowed such item or charge of $3,000, so paid, to the credit of the executor, and accepted the report.

From which finding the matter was appealed to the Circuit Court of Knox county, which, upon hearing, entered an order or decree " approving and affirming all of the said report of the executors, except such part as relates to the sum of $3,000, claimed by the executor to have been paid Rebecca Cashman, widow of said deceased, in lieu of the eighty acres of land, and as to such sum of $3,000 the court finds that the said Rebecca Cashman has only a life estate therein and thereto under the will of her husband, the said George Cashman, deceased, and as such was not entitled to have, hold, use or impair the said principal sum of $3,000, but only to the interest, use and profit thereof during her natural life; that at her death the whole of the said $3,000 belonged to the estate of the said George Cashman, deceased, and that the executor should account to the estate for that sum," etc., and in that particular reversed the judgment and order of the County Court sitting in probate.

From which order, finding and judgment of the Circuit Court the matter was, by the executor, appealed to this court.

The rule of law, in this State at least, is well settled that by a last will and testament one may create a life estate, with power to sell and convey the fee, and limit the remainder after the termination of such life estate. Hawkins v. U. S. Ex. Co., 107 Ill. 443; Welsh v. Belleville Savings Bk., 94 Ill. 202; Kaufman v. Breckenridge, 117 Ill. 305, and cases cited.

It is a principle of general application that the intention of the testator, if not inconsistent with the rules of law, must govern in the construction of a will. This intention is to be ascertained from the whole instrument, with all its parts and clauses taken together. Every clause and provision, if possible, should have effect given it according to the intent of the maker. A later clause, when repugnant to a former provision, is to be construed as intending to modify or abrogate the former clause.

It is contended by the appellant that, by the provisions of the second clause of the will in question, Rebecca Cashman took a life estate in the $3,000 mentioned therein, with the right to appropriate to her own use, and expend so much thereof, both principal and interest, as she thought proper, and if any part thereof should be left at her death, such part so remaining should be divided among the heirs of the estate, as provided by the will.

The appellee insists that Rebecca Cashman took only a life estate in the eighty acres of land, or the $3,000 which, by her election, was substituted in lieu thereof, without the power of use or disposition of the same, or any part thereof.

The general rule is, that, where a power of disposal accompanies a bequest or devise of real estate, the power of disposition is only co-extensive with the estate given. If the estate be for life only, the power of disposition is limited to such an estate as the tenant for life could convey, and since his estate was for life only, he could convey no greater estate than he possessed, unless there are other words clearly indicating that

a larger power was intended.   Kennedy v. Kennedy, 105 Ill. 350; Henderson v. Blackler, 104 Ill. 227; Boyd v. Strahan, 36 Ill. 355, and cases cited.

The rule is also clearly stated in Kennedy v. Kennedy, *supra*, that in cases of the character above referred to, the main inquiry should be the intention of the testator, and if that can be satisfactorily ascertained from the will, interpreted in the light of the surrounding circumstances, that intention should prevail over any artificial or technical rule of construction.

It is also clear as a principle of law, *"ex necessitate rei,"* that a life estate in personal property gives the donee the right to consume such articles as can not be enjoyed without consumption, and to wear out by use, such as can not be used without wearing out.

Applying the rule, on principles hereinbefore stated, to the case at bar, it must be apparent that the testator contemplated that his wife should take a life estate in the eighty acres of land in the will described, with power of disposition at her election, and that the specific legatees named in the will at the death of his wife, should take the remainder, limited to the right of the wife in her life to use or expend for her own benefit, such portion thereof as she might choose to appropriate.   In no other view can full effect be given, in our judgment, to each clause of the will.

The construction claimed by the appellee would render wholly nugatory the clause, that after the death of his wife the property so devised and bequeathed to her, *"or so much thereof as may remain then unexpended,"* etc.

It will scarcely be claimed that this clause is meaningless, or is ambiguous, for the reason that the testator has in express terms given the wife a life estate only, and that by giving effect to this clause, the estate would be enlarged to a fee, by the granting of a power of disposition to the wife of the whole devise as claimed by counsel for the appellee.

At best the above rule would be a technical rule of construction and would defeat the manifest intention of the testator in the case at bar.   This rule, if indeed it be of authority

in certain cases, can not apply to the case at bar as we have shown.

We need not, however, further discuss the point here involved. It is settled, as we regard it, by the determination of the judicial tribunals in this State, at least, that the words as used in the second clause of the will here in question, "*or what remains unexpended,*" or equivalent words, do, in law and fact, import a power of disposition in the person to whom such devise or bequest is made and create a limitation of the remainder after the termination of such life estate.

In other words, as applied to the case at bar, the second clause in the will and the language used therein, legally construed, pass to his wife, Rebecca Cashman, the right to have, receive and expend for her own use and benefit the $3,000, and the income therefrom, as she may see fit, during her natural life, and that part or portion thereof which remains at her death (if anything) unexpended, is to be divided among the legatees in the will named. Pritchard v. Walker, 22 Ill. App. 286; Pritchard v. Walker, Affid. 121 Ill. 221; Hamlin v. U. S. Ex. Co., 107 Ill. 443; Kaufman v. Breckenridge, 117 Ill. 305.

There is another view bearing upon this question, perhaps not unworthy of notice. The language contained in the clause under present consideration in express words, gives to his widow the right to *have* and to *hold* the $3,000 here in controversy. The language is, referring to this $3,000, so "to be accepted and *held* by her as above provided in reference to said real estate during her natural life, and that after her death all of said property to her devised and bequeathed, or so much thereof as shall remain unexpended, to be converted into money, * * * and the net proceeds thereof to be divided," etc.

Clearly, the language is express that his wife was to accept and hold the $3,000 during her natural life, with the right and power to manage and control the same, certainly to the same extent as she could have done with the land before it was converted into money by her election. It would not be claimed that as to the land, she had not the right to the possession and control thereof during her natural life.

In re Estate of George Cashman.

Did the sale of the land and the substitution of the money for it, abridge the rights of the wife therein or thereto, to hold and control the same?   It is clear she could not have the same power, right and control of the $3,000, if the entire possession thereof was denied her, as if she was possessed thereof, even if the use of it was her only interest therein.

It avails nothing in the argument to say the devisee in this case is a woman, and therefore to be presumed, in some degree, incapacitated to make use of, or safely invest the money to her interest, or the protection of the fund.   It is the determination and application of legal principles in the construction of language used, in cases of the character before us, rather than an inquiry as to fitness of the beneficiary to be intrusted with the fund; that we have to determine in this case.   We are satisfied that from a just legal construction of the will here in question George Cashman, deceased, gave to his wife eighty acres of land for her natural life in lieu of dower and homestead in his estate, with the power of election in her vested, to have said land sold by the ("his") executors, and to accept instead thereof $3,000 in money, which was to be by her accepted and held, as provided in reference to said land, during her natural life, and that after her death all the said property devised and bequeathed to her, which remained unused or unexpended by her in her lifetime, to be converted into money by his executors, and the proceeds divided among his children as in his will stated.   In our judgment the case at bar is fully within the principles announced in the case of Pritchard v. Walker, *supra*.

That the words contained in the second clause of said will " or so much as remains unexpended after her death " clearly indicate an intention on the part of the testator that his wife, Rebecca Cashman, might use and expend the whole or any part of the principal as well as the interest, or benefit derived therefrom, for her own use and benefit, if she should choose so to do, without in any way or manner being compelled to account to the said estate therefor in whole or in part, seems to us clear.

That, for that purpose, the said Rebecca Cashman was and is entitled under said will to the actual possession and control of the $3,000 here in controversy, and to the same extent as to the other personal estate to her bequeathed, and that the co-executor, J. S. Cashman, rightfully paid the same to her, and should be allowed therefor, as charged in his account filed in the said County Court, sitting in probate in the matter of said estate.

The judgment of the Circuit Court is therefore reversed in that particular and affirmed as to residue thereof, and the cause is remanded for further proceedings therein, not inconsistent with the judgment herein expressed.

*Reversed in part and remanded.*