# MARY T. SNYDER
## v.
## EDWARD M. SNYDER ET AL.

*Conservators—Persons of Feeble Mind—Jurisdiction of Circuit, Probate
and County Courts.*

1.  Jurisdiction in the appointment of a conservator is as exclusive as
that in the appointment of an executor.

2.  The jurisdiction to appoint conservators is exclusive in Probate
Courts, in those counties where such courts are established, and in the County
Courts in those counties where Probate Courts are not established.

3.  Upon an appeal from the Probate to the Circuit Court of a person
adjudged to be distracted, no order having been made in the Probate Court
as to the appointment of a conservator, the Circuit Court can not act in the
matter of such appointment.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of La Salle County; the
Hon. DORRANCE DIBELL, Judge, presiding.

On the 14th day of February, 1889, Levi Snyder, a resi-
dent of La Salle County, died intestate, leaving surviving
him his widow (the appellant) and his children, Levi F. Sny-
der, Edward M. Snyder, Mary L. Westgate and Anna Eliza
McGinnis, as his only heirs.

He left an estate consisting chiefly of personal property, out of which appellant would receive $8,000 or $10,000.

On the 11th day of June, 1889, the three children, Edward, Mary and Anna Eliza, filed a petition in the Probate Court showing that their mother was a distracted person, of feeble mind, and unfit to properly manage or control her property, and asking the appointment of some fit person to be the conservator. In July of that year a trial was had by a jury resulting in a verdict and judgment finding that appellant was a distracted person and unfit to care for her property. From the judgment there rendered the appellant prosecuted an appeal to the Circuit Court, where trial was again had resulting in a like verdict to that rendered in the Probate Court. The Circuit Court overruled a motion for new trial, entered judgment on the verdict, appointed Samuel M. Hesler conservator, and remanded the cause to the Probate Court for further proceedings.

From the judgment rendered by the Circuit Court appellant prosecuted this appeal.

Messrs. McDougall & Chapman, Brewer & Strawn and D. B. Snow, for appellant.

Messrs. Snyder & Stead and Mayo & Widmer, for appellees.

Harker, J. Touching the mental condition of appellant a large number of witnesses were examined, and their testimony makes a very voluminous record. Much of the testimony is conflicting. We do not care to discuss it at length, but hold that it was amply sufficient to support the finding that she was a distracted person and of feeble mind, and for that reason not capable of caring for her estate.

We are unable to discover any substantial error of the Circuit Court in ruling upon the admission of evidence, or in the giving or refusing instructions.

We are of the opinion, however, that the Circuit Court exceeded its authority in appointing a conservator. By Sec.

Snyder v. Snyder.

20, Art. 6, of the Constitution, it is declared that Probate Courts in those counties where established, "shall have original jurisdiction of all probate matters, the settlement of estates of deceased persons, the appointment of guardians and conservators and settlement of their accounts." The act of 1877, establishing Probate Courts under that constitutional provision, confers original jurisdiction on such courts for the appointment of conservators.

There being no authority conferred either by the constitution or statute on Circuit Courts to appoint conservators, we hold that jurisdiction in that regard is exclusive in Probate Courts in those counties where such courts are established, and in the County Courts in those counties where Probate Courts are not established.

In considering the action of a Circuit Court in the appointment of an executor, our Supreme Court, in the case of Kennedy v. Kennedy et al., 105 Ill. 350, say: "The appointment of executors belongs to the jurisdiction of the court of probate (the County Court), and we think it should have been left with that court to make such appointment." Jurisdiction in the appointment of a conservator is as exclusive as that in the appointment of an executor.

It should be borne in mind, also, that the appeal from the Probate Court was solely from the judgment on the verdict that appellant was a distracted person. The appeal did not include an order appointing a conservator, because no such order had been made. The Circuit Court acquired jurisdiction of the case by appeal, and the question of who should be appointed conservator not having been decided nor entertained by the Probate Court, the Circuit Court could not act in the matter of appointment.

The judgment of the Circuit Court will be affirmed in all respects except as to the appointment of Samuel M. Hesler, conservator, and reversed as to so much as appertains to such appointment, and the case will be remanded to the Circuit Court with directions to remand the same to the Probate Court for the appointment of a conservator and further proceedings.

*Affirmed in part and reversed in part and remanded.*