DEHRA K. FISHER *v.* N. K. FAIRBANK *et al.*

and

ANNIE K. FISHER *v.* N. K. FAIRBANK *et al.*

*Opinion filed December 20, 1900.*

1. WILLS—*court may look at state of property in ascertaining testator's intention.* In construing a will the court will look at the state of the property devised in endeavoring to ascertain, from the language used, the testator's intention.

2. SAME—*effect should be given to all language used, if possible.* If one construction of a will will render a portion of the language used meaningless and another will give effect to all the words used, the latter construction must be adopted.

3. SAME—*when trustees may sell during minority of cestui que trust.* Trustees may, in their discretion, sell residuary real estate which is unimproved and unproductive, and residuary personal property of fluctuating value, during the minority of the *cestui que trust,* the testator's daughter, under a will directing them to hold the residuary real and personal property in trust until the daughter "shall attain the age of twenty-one years, at the discretion of my said trustees, and thereafter with the consent in writing of my said daughter, to demise or lease my said real estate, * * * and at the *like discretion* and with the like consent to convert my said residuary real and personal estate * * * into money, and to invest the moneys to arise therefrom as my said trustees * * * may think most advantageous."

4. SAME—*testator's intention cannot be based on suspicion or speculation.* If the language used in a will gives to the testator's wife a one-third part of the income arising from the residuary *personal* property only, an intention to include income from residuary real estate also cannot be implied from the fact that the widow would have received more had she elected to take under the statute, and

the allegation that such intention was clouded by the language used by designing or incompetent counsel in drawing the will.

5. SAME—*when the widow does not have contingent interest in legacy.* Where a will, after deducting one-third of the income from the residuary real and personal estate for the widow, sets aside a certain sum for a named person for life or until second marriage, the language that the amount so set aside, or the investment thereof, shall "follow the same trusts as the rest of my residuary real and personal estate," does not entitle the widow to a contingent interest in the legacy.

APPEAL from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

The bill of complaint in this case was filed in the circuit court of Cook county by appellees Fairbank and Dummer, as trustees under the will of James Kerr Fisher, the deceased husband of Annie Kerr Fisher and the father of Dehra Kerr Fisher, who appear in this court as separate appellants. By written stipulation signed by all the parties to the suit but one transcript was filed in this court for both appeals, and separate assignments of error were made thereon by the several appellants and all briefs filed by either party entitled in both appeals and treated and considered by this court as filed upon both appeals in passing upon the several questions involved in the separate appeals.

The bill in this case was filed by appellees, as trustees under the will above referred to, to obtain a construction of certain clauses in the will, they having been advised that the will was susceptible of more than one construction, and the several appellants herein, being dissatisfied with the construction placed thereon by the circuit court, prosecute their several appeals.

The will in question, after the appointment of trustees and the making of certain specific bequests, contains the following language: "And as to all the real and personal estate whatsoever and wheresoever whereof I may die possessed or over which I may have any disposing power not hereinbefore otherwise disposed of (herein-

after called my residuary real and personal estate) I give devise and bequeath the same unto my said trustees upon trust to pay one-third part of the income arising from my residuary personal estate to my said wife for life and so long as she continues my widow And upon further trust out of my residuary real and personal estate after deduction of one-third part or share thereof to answer the annuity given to my said wife to set apart * * * a sum of four thousand pounds and to pay the annual income arising therefrom to Mrs. Belle Sawdy * * * for her natural life and until she marries a second time * * * upon her second marriage or death after my decease whichever shall first happen I direct that the said sum of four thousand pounds or the investment thereof shall follow the same trusts as the rest of my residuary real and personal estate and subject to the bequests in favor of my said wife and Mrs. Belle Sawdy I direct my trustees to hold my residuary real and personal estate for my daughter Dehra Kerr Fisher Upon trust until my said daughter shall attain the age of twenty one years at the discretion of my said trustees and thereafter with the consent in writing of my said daughter to demise or lease .my said real estate * * * and at the like discretion and with the like consent to convert my said residuary real and personal estate or any part or parts thereof into money and to invest the moneys to arise therefrom as my said trustees in their opinion may think most advantageous."

The estate of James Kerr Fisher, at the time of his death, consisted of an undivided one-half interest in certain unimproved real estate on Wabash avenue, in the city of Chicago, of the approximate value of $30,000, and an undivided one-half interest in seventy-three acres of unimproved land at Lake Geneva, Wisconsin; also bonds of the par value of $342,000 and stocks of the par value of $290,000. The Lake Geneva and the Chicago real estate yields no income and has not yielded any income

or been improved since the death of James Kerr Fisher. The trustees have endeavored to sell the Chicago real estate and certain of the stocks and bonds for the purpose of re-investment, but have been unable to effect any sale of real estate or stocks or bonds because of the question as to their power to convert the residuary estate, under said last will and testament, before the arrival at the age of twenty-one years of Dehra Kerr Fisher.

The circuit court held that, under the terms of the will in question, the trustees have the power to sell both the real and personal estate in their hands as trustees, and to convey good, absolute and effectual title thereto, prior to the arrival of Dehra Kerr Fisher at the age of twenty-one years. From that judgment she prosecutes her separate appeal. On the contention of appellant Annie Kerr Fisher, the widow of the testator, that under the will she is entitled to one-third part of the income arising from both the residuary real and personal estate, and that she is entitled to a contingent one-third interest in the income of the fund set apart for the benefit of Mrs. Belle Sawdy, the circuit court decided adversely, and from that judgment she prosecutes her separate appeal.

EDWARD S. WHITNEY, for appellant Dehra K. Fisher.

JAMES MILES, for appellant Annie K. Fisher.

HERRICK, ALLEN, BOYESEN & MARTIN, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

*First*—As to the contention of the appellant Dehra Kerr Fisher, an infant appearing by guardian *ad litem:*

The power of conversion in the will in question is as follows: "And subject to the bequests in favor of my said wife and Mrs. Belle Sawdy I direct my trustees to hold my residuary real and personal estate for my daughter Dehra Kerr Fisher Upon trust until my said daughter shall attain the age of twenty-one years at the discretion

of my said trustees and thereafter with the consent in writing of my said daughter to demise or lease my said real estate or any part thereof for any term not exceeding twenty-one years at the best rent or rents obtainable and at the like discretion and with the like consent to convert my said residuary real and personal estate or any part or parts thereof into money and to invest the moneys to arise therefrom as my said trustees in their opinion may think most advantageous."

It is a well recognized rule that in the construction of a will the court will look at the state of the property devised in endeavoring to ascertain, from the language used, the testator's intention. (*Kaufman* v. *Breckinridge*, 117 Ill. 305; *Ingraham* v. *Ingraham*, 169 id. 432; *Lomax* v. *Shinn*, 162 id. 124; *Greenwood* v. *Greenwood*, 178 id. 387.) It appears that the real estate devised in trust for this appellant is unimproved and unproductive, and it might well have been the intent of the testator to give the power of sale thereof "at the discretion of my said trustees," that the unproductive property might be converted into income producing property for the benefit of the *cestui que trust.* Moreover, the personal estate devised consisted of stocks and bonds, which common experience demonstrates are frequently of fluctuating and doubtful values, which fact might well be presumed to have been in the mind of the testator when he gave to his trustees the power of sale "at their discretion." Again, it is a familiar rule of construction that in ascertaining the intention of a testator effect must be given to all the language used, if it can be done. If one construction will render a portion of the language used meaningless and another will give effect to all the words used, the latter construction must be adopted. To adopt the construction contended for on behalf of this appellant will render the words "at the discretion of my said trustees" meaningless and of no effect, as there would be nothing to which they would apply. If these words should be elimi-

nated the trustees would be bound to hold both the real and personal properties, no matter to what their values might become reduced or how profitably for the *cestui que trust* they might dispose of all or a portion of either, until Dehra Kerr Fisher became twenty-one years of age.

That the testator intended to give to his trustees the power of sale during the minority of his daughter is further shown by the subsequent language of the will, as follows: "And thereafter with the consent in writing of my said daughter to demise or lease my said real estate or any part thereof for any term not exceeding twenty-one years at the best rent or rents obtainable *and at the like discretion and with the like consent* to convert my said residuary real and personal estate or any part or parts thereof into money and to invest the moneys to arise therefrom as my said trustees in their opinion may think most advantageous." The words "like discretion" refer necessarily to the discretion reposed in the trustees before appellant should attain the age of twenty-one, because it is only in that clause that any discretion has been given. The discretion reposed in the trustees is the same at all times, but after appellant has arrived at what the testator considers years of discretion they must obtain her consent before selling, leasing or converting any of the property in which she is interested.

We think the language used in the will clearly shows an intention in the testator to vest in his trustees the power, in their discretion, to convert any or all of the residuary real and personal estate into money during the minority of this appellant, and to re-invest the moneys derived from such sale in such manner as they may deem most advantageous for the interest of the *cestui que trust,* and the circuit court committed no error in so holding.

*Second*—As to the contention of the appellant Annie Kerr Fisher:

(*a*) That portion of the will in controversy under which she claims to be entitled to one-third part of both

the residuary real and personal estate is as follows: "And as to all the real and personal estate whatsoever and wheresoever whereof I may die possessed * * * (hereinafter called my residuary real and personal estate) I give devise and bequeath the same unto my said trustees upon trust to pay one-third part of the income arising from my residuary personal estate to my said wife for life and so long as she continues my widow And upon further trust out of my residuary real and personal estate after deduction of one-third part or share thereof to answer the annuity given to my said wife to set apart * * * a sum of four thousand pounds and to pay the annual income arising therefrom to Mrs. Belle Sawdy." The foregoing language gives to this appellant one-third part of the income arising from the residuary *personal* estate only, and not that from the real estate, and her contention that it was the intention of the testator to give her the income arising from both the real and personal property cannot be sustained on a mere suspicion or allegation, as contended, that the intention has been clouded by the language used by incompetent or designing counsel in preparing the will, notwithstanding the fact that she would have received more property if she had renounced the provisions of the will and elected to take under the statute. This fact affords no indication of the intent of the testator, and his manifest intention, as expressed in his last will, cannot be ignored merely because this appellant might have received more had she acted differently. The circuit court committed no error in holding that the devise to Annie Kerr Fisher must be confined to the residuary *personal* estate.

(b) The will in question, after providing for the setting apart (after the deduction of appellant's one-third) of £4000 for the benefit of Mrs. Belle Sawdy during her life or until her second marriage, continues: "I direct that the said sum [after the decease or marriage of Mrs. Sawdy] of four thousand pounds or the investment thereof

shall follow the same trusts as the rest of my residuary real and personal estate." It will be observed that the trust for the benefit of Mrs. Belle Sawdy is not carved out of the share of the "residuary personal estate" thereinbefore devised to the wife, this appellant, but out of the "residuary real and personal estate" after deduction of the one-third share set apart for the wife. The language of the will that this sum of £4000 shall, upon the happening of either of the contingencies named, "follow the same trusts as the rest of my residuary real and personal estate," seems to us to be too plain for any serious controversy. The "rest" unmistakably means the estate remaining after the interests of this appellant and Mrs. Belle Sawdy have been set apart, and to hold that this appellant is entitled to a contingent interest in the sum of £4000 would be to increase a specific bequest to her, evidently in lieu of all other interests she might have or become entitled to in the testator's estate, and to violate what seems to us to be the plain language of the will.

For the reasons herein stated, the judgment of the circuit court upon the rights of the several appellants here will be affirmed.      *Judgment affirmed.*