[S. F. No. 6917.   Department Two.—March 31, 1916.]

## THOMAS PARKER, Respondent, v. ALLEN V. BOWER, Appellant.

ESTATE OF DECEASED PERSON—DECREE OF DISTRIBUTION—LIFE ESTATE COUPLED WITH POWER OF SALE—SALE IN FEE SIMPLE.—A decree of distribution giving to a distributee a life estate in certain real property during her natural life, with "full power to sell and dispose of the same as in her discretion may seem advisable," with remainder over, empowers the life tenant to sell the property in fee simple, and not merely to sell her life estate therein.

APPEAL from a judgment of the Superior Court of Lake County. M. S. Sayre, Judge.

The facts are stated in the opinion of the court.

F. E. Johnston, H. L. Johnston, and L. E. Johnston, for Appellant.

Charles F. Hanlon, and Theodore A. Bell, for Respondent.

SHAW, J.—The defendant appeals from the judgment upon the judgment-roll alone.

The case involves the title to a parcel of real estate. The complaint is, in form, an action to quiet the title of the plaintiff therein against the asserted unfounded claims of the defendant.

The plaintiff derives title under a deed executed by Clara B. Anderson. She was also known as Clarinda, and was formerly the wife of Jacob Bower. The property was distributed to her upon the final settlement of the estate of Jacob Bower and the case depends upon her power to convey the property in fee, under the terms of the decree of distribution. The portion of the decree material to the question is as follows:

"It is hereby ordered, adjudged and decreed that the residue of said estate hereinafter particularly described, be and the same is hereby distributed as follows: An undivided one-half interest therein in fee simple is distributed to Clarinda Bower, the surviving wife of deceased, and a life estate in the remaining undivided one-half interest therein is distributed to said Clarinda Bower, to have and to hold, during her natural life, and full power to sell and dispose of the same as in her discretion may seem advisable, and the residue and remainder in said undivided one-half interest after the termination of said life estate of said Clarinda Bower is distributed to Henry T. Bower and Allen V. Bower, share and share alike."

The interest involved in this case is the undivided one-half interest given to Clarinda Bower for her life by said decree. She afterward sold and conveyed the same to one Rannells, who, in turn, conveyed the same to the plaintiff. It is claimed by the defendant that the decree did not give her power to sell the land in fee, but only to sell her life estate therein.

We do not think this contention can be sustained. It will be noted, with respect to this one-half interest, that the decree gives to Clarinda Bower two things. First, a life estate therein during her natural life; second, "full power to sell and dispose of the same as in her discretion may seem ad-

visable.'' The contention of the appellant is that the words ''the same,'' in the clause last quoted, refer to the life estate in the property and not to the property itself and that, consequently, it gave her only a power of disposition and sale of such life estate. The decree vested in her the absolute title to the life estate. She, therefore, had full power to sell and dispose of it and no declaration in the decree was necessary to authorize her to make such disposition or sale. If that meaning be given to it, the clause giving her power to sell would be entirely°useless and redundant. It is a ''familiar rule of construction not to treat any word as redundant, if we can avoid doing so without marring the obvious sense of the entire clause.'' (*Hyatt* v. *Allen*, 54 Cal. 357.) If we construe it as applying to the property, rather than to the life estate alone, the clause is made effective and the reason for its insertion becomes plain. The purpose must have been to confer a power not previously given. This would not be done unless the words ''the same'' refer to and include the fee-simple estate in the one-half interest which is the subject of that passage. This is also the grammatical effect of the statement as a whole.

The appellant relies on a line of decisions similar to *Brant* v. *Virginia etc. Co.*, 93 U. S. 326, [23 L. Ed. 927]. In that case the will gave to Nancy Sinclair the property in question ''to have and to hold during her life and to do with as she sees proper before her death.'' It will be readily seen that this language is wholly different in effect from that in the above-mentioned decree. It clearly implies that her power of disposition of the property is only of her interest before her death. Furthermore, it does not give the power to sell in terms. The court held that it gave her no power to sell the remainder, but only the power to deal with the property as one might who was the owner only of the estate expressly given. In this connection the court made this general declaration upon which the appellant relies: ''Where a power of disposal accompanies a bequest or devise of a life estate, the power is limited to such disposition as a tenant for life can make, unless there are other words clearly indicating that a larger power was intended.'' The other cases cited in support of this proposition are *Giles* v. *Little*, 104 U. S. 291, [26 L. Ed. 745]; *Bradley* v. *Westcott*, 13 Ves. 445, [33 Eng. Reprint, 361]; *Smith* v. *Bell*, 6 Pet. 68, [8 L. Ed. 322]; *Boyd*

v. *Strahan,* 36 Ill. 355; *Wardner* v. *Seventh Day etc. Board,* 232 Ill. 606, [122 Am. St. Rep. 138, 83 N. E. 1077]; *Kennedy* v. *Kennedy,* 105 Ill. 350. In each of these cases the main question was whether the words used gave power to dispose of the property absolutely, or whether they merely gave power to deal with the limited estate given to the devisee. In none of them was there any express power given to sell, as in the case at bar. The difference between these cases and the case at bar will be seen at once by a statement of the language under consideration in each of these cases. Thus in *Giles* v. *Little,* the widow was given property "with full power, right and authority to dispose of the same, as to her shall seem meet and proper, so long as she shall remain my widow." In *Boyd* v. *Strahan,* the qualification was that the property was "to be at her own disposal and for her own proper use and benefit, during her natural life." In *Kennedy* v. *Kennedy,* the property was given "during her life, to occupy and use the same or dispose of it at her will and pleasure, and use and control the proceeds thereof." In *Smith* v. *Bell,* personal property was given to the wife "for her own use and benefit and disposal, absolutely." In *Wardner* v. *Board,* the widow was given a life estate with power to "use, dispose of and control according to her own judgment during her natural life." In *Bradley* v. *Westcott,* the widow was given personal property "for and during the term of her natural life; to be at her full, free, and absolute disposal and disposition during her natural life." It will thus be seen that the language in none of these cases approaches the proposition stated in the language under consideration. We do not think the cases are applicable to the present case. The natural and ordinary meaning of the language of the decree is that the widow was given the power to sell the property in fee simple. The sale thereof, therefore, carried the title to the remainder, divested the two residuary devisees of their title thereto, and vested it in her grantee.

The judgment is affirmed.

Melvin, J., and Henshaw, J., concurred.