WILLIAM MURFITT *et al.*

*v.*

ROBERT N. JESSOP *et al.*

1. WILL — *devise, whether of life or fee simple estate.* A testator, after devising all his personal property to his wife for her only use, used the following language: "And I further will and bequeath to my wife, A. H., all of my lands, designated and described as follows: (etc.) together with all and singular the rents and profits arising therefrom, to the only proper use and benefit of her and my heirs and assigns forever; and I will and bequeath that she have all the lands, tenements and goods and chattels that I may have any right and title to, all to her only proper use and benefit:" *Held,* that the widow took an estate in fee simple in all the lands, and that she would have so taken if the last clause had been omitted.

2. SAME — *later clause must prevail.* A later clause in a will, when repugnant to a former one, must be considered as intended to modify or abrogate the former.

WRIT OF ERROR to the Circuit Court of Wayne county; the Hon. JAMES M. POLLOCK, Judge, presiding.

Mr. EDWIN BEECHER, for the plaintiffs in error:

Courts will construe wills so as to give an estate of inheritance to the first donee. 1 Redf. on Wills, 430; *Leiter* v. *Sheppard,* 85 Ill. 242.

When different clauses conflict the last must prevail. *Brownfield* v. *Wilson,* 78 Ill. 470. 1 Redf. on Wills, 443, 450. The last clause of this will gave the land to the widow.

When personal property is given in the same clause with realty, it is an evidence that a fee was intended. *Leiter* v. *Sheppard,* 85 Ill. 247. It was so given in the last clause of this will.

The language used in the first paragraph of the will which conveys the personalty, and that in the third relating to realty, is identical, and should receive the same construction. *Duryea* v. *Duryea et al.* 85 Ill. 42; 1 Redf. on Wills, 427.

When debts are made a charge on the estate, the donee takes a fee. *King* v. *Ackerman*, 2 Black, 415; *Denn* v. *Melton*, 5 T. R. 562; 2 Washb. on Real Prop. 751, § 25.

The parol evidence was proper. *Brownfield* v. *Wilson et al. supra; Smith* v. *Bell*, 6 Peters, 75; *Smyth* v. *Taylor*, 21 Ill. 301. 1 Redf. on Wills, 426.

The rule against disinheriting heirs is no longer favored. *King* v. *Ackerman*, 2 Black, 414, 417.

The intention should prevail, even over express words. *Smith* v. *Bell*, 6 Peters, 83; *Corrigan* v. *Kierman*, 1 Bradford, 208.

The intention of this will was clearly to give the fee to the widow. *Leiter* v. *Sheppard, supra; Markillie* v. *Ragland*, 77 Ill. 98; *Richardson et ux.* v. *Noyes et al.* 2 Mass. 56.

Mr. J. G. CREWS, for the defendants in error:

The word "my" before the word *heirs*, in the second clause, was evidently put there for a purpose, and has a meaning. In *Bergan et al.* v. *Cahill et al.* 55 Ill. 160, a much stronger case than this in favor of the widow, the court only gave her a life estate.

When a testator makes a general devise or bequest which would include the whole of his estate, and in other portions of the will makes specific dispositions, these will be regarded as explanations or exceptions out of the general disposition, and it will not be important in such case whether the general or special provision comes first. 1 Redf. on Wills, 455-6; *Brownfield* v. *Wilson et al.* 78 Ill. 467.

It is also a sound principle or rule of construction, that the will is to be construed as a whole, and every expressed intent of the testator to be carried out, if possible. 1. Redf. on Wills, 431-3; *Mason* v. *Ely*, 38 Ill. 138; *Boyd et al.* v. *Strahan et al.* 36 id. 355; *Burret et al.* v. *Lester et al.* 53 id. 325. And while it is true that when there is an irreconcilable repugnancy between the different parts of a will the later clause will prevail, yet courts will reconcile them if possible.

It seems so utterly inconsistent with the nature of things that a man in one clause of a will should devise property to one person, and in the next clause give it to a different person, that courts are not so inclined to construe a will if they can avoid it. 1 Redf. on Wills, 431-470; *Kindig's Exrs.* v. *Smith's Admr.* 39 Ill. 300; 2 Sto. Eq. 462-3; 2 Hillard on Real Property, 536; *Bergan* v. *Cahill*, 55 Ill. 160; *Brownfield* v. *Wilson, supra.*

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

On the 30th day of November, 1852, Isaac Hand executed his will, by which he disposed of all of his property. He died on that day, or very soon afterwards, leaving Angeline, (one of the plaintiffs in error) his widow, and two children, (two of the defendants in error.) Subsequently, in October, 1858, the widow filed a bill, making the two children, then minors, defendants. The record in that case does not show that a summons was issued or served on them, but a guardian *ad litem* entered their appearance and a hearing was had, and a decree rendered; but it did not find that a summons was issued or service had on the defendants, but it found the widow took, by the will, a fee simple title to the land.

In November, 1858, the widow sold and conveyed the land to Wm. Murfitt for the consideration of $1000, and he went into and still held possession when this suit was brought.

This suit was instituted by the children and their husbands to review the decree rendered in the former case. The bill alleges that there was no service on the defendants in that case, and the court failed to acquire jurisdiction of their persons, and that the decree is, therefore, void; and that, by the will, the widow only took a life estate, and the heirs of Hand took the remainder. On a hearing, the court below held that the former decree was void, and that the widow should have a life estate, notwithstanding her sale to Murfitt, and that the heirs of

Hand have the remainder.    To reverse that decree, defendants bring error and urge a reversal.

Omitting the formal parts, this is the will:

"I do will and bequeath unto my wife, Angeline Hand, all my horses and cattle and hogs, my plows and gears,—in short, all my farming utensils; and all my corn in the field, all my oats and hay in the stack, and all my household and kitchen furniture,—in short, all my goods, chattels and effects, *to her only proper use and benefit.*

"And I further will and bequeath unto my wife, Angeline Hand, all of my lands, designated and described as follows: (description omitted) together with all and singular the rents and profits therefrom arising, to the only proper use and benefit of her and my heirs and assigns forever.

"And I will and bequeath that she have all the lands, tenements and goods and chattels that I have any right and title to, *all to her only proper use and benefit.*"

As to the first paragraph there is no contest.    It is upon the true meaning of the second and third that this controversy arises.    Taking the first clause of the second, and excluding the last words, "and my heirs and assigns forever," and there would be no doubt that the testator had devised to his widow an absolute fee simple estate.    Dispensing with the necessity of technical terms in a deed or will to pass an estate of inheritance, as the 13th section of the Conveyance act does, there could be no question, from the language used, that the testator intended to devise the land to her in fee.    As the language would be generally understood, that was the intention, clearly and unmistakably expressed.    Then, do the words, "and my heirs and assigns," in anywise change the meaning, and if so, to what extent and in what manner?    We are at a loss to see that they can be construed to limit the preceding devise to a life estate to his widow and in remainder.    Had such been the intention, he would surely have used language to express that design.    If that had been his purpose, he would have surely said, to hold during her life, until her death, or so long

11—94 ILL.

as she should live, or some other term that would have described the estate. The language does not import the intention to create a life estate. If the words are a limitation of the previous language employed in the sentence, it rather implies that she and his heirs should hold the land in fee as tenants in common; but when he, by the first part of the sentence, wills and bequeaths it to her, that repels the presumption that such was designed. Had that been the purpose, he surely would have used the language, that he willed and bequeathed it to his wife, Angeline Hand, and his daughters, Joseph Ann and Zebiah H. Hand. This would have been direct, simple, and the usual course. Had he designed to give them any interest in the property, it is strange that he does not mention their names in the will. This omission, which seems to have been intentional, seems to repel all presumption that he intended to devise to them either the remainder, the fee in common with their mother, or any other interest or estate whatever. If this paragraph stood alone, unexplained by the succeeding paragraph, we should hesitate long before we could say that, from the language employed, he intended to devise them any interest in the land.

But when we turn to the third sentence, or paragraph, we think it removes all doubt that he intended to devise to his widow the land in fee. That appears to have been used to remove all doubt. As he says, "And I will and bequeath that she have all the lands, tenements and goods and chattels that I have any right and title to, all to her only proper use and benefit." Why use this language unless it was to free what had already been said from all doubt? He had already bequeathed all of his personal property to his wife, and there was no necessity of again bequeathing it, without any change or limitation. So of the real estate; he had devised it to her, and why devise it again? This language was, we have no doubt, used to remove doubt and to free the preceding bequest and devise from any obscurity that might exist. If this was not so, then it must have been used to limit or change the devise

of the preceding clause, to prevent his heirs from claiming any rights or interest in the property, and to give it absolutely to his widow. It was held in *Brownfield* v. *Wilson*, 78 Ill. 470, that a later clause of a will is to be considered, when repugnant to a former provision, as intending to modify or abrogate the former. In such a case, we must presume that, having reconsidered the former provision, the testator was not satisfied with it, and, by the later clause, intended to more fully and accurately express his intention. It is more reasonable to indulge this presumption than to suppose that he designedly made two repugnant provisions that could not be harmonized, or both be carried into effect.

We have no doubt, from the language employed in this will, that the testator intended to devise, and did devise, to his wife, Angeline Hand, this land in fee simple.

This view of the case renders the discussion of the other questions raised and argued on this record unnecessary.

For the error indicated, the decree of the court below must be reversed, and the cause remanded with directions to the circuit court to dismiss the bill.

*Decree reversed.*

Mr. JUSTICE DICKEY: The words of the will surely are not perspicuous, but I incline to the opinion, from the words of the will, that the testator intended to give to his wife a life estate only. I think the third clause was added *merely* to cover such lands, if any, as might not be found sufficiently described in the second clause, and not with a view of changing the object of that clause. The construction adopted renders nugatory the words, "my heirs," in the second clause. I think those words were put there for a purpose, and no other purpose is apparent except that they should enjoy the property after her enjoyment thereof should end.