GEORGIETTA L. HAMLIN. *et al.*

*v.*

THE UNITED STATES EXPRESS COMPANY.

*Filed at Springfield October 1, 1883.*

1.  WILL—*limitation over repugnant to devise, is inoperative.*  Where there is a devise of an unlimited power of disposition of an estate in such manner as the devisee may think fit, a limitation over is inoperative and void, by reason of its repugnance to the principal devise.

2.  SAME—*when power of disposition carries a fee.*  If an estate be given to a person, generally or indefinitely, with a power of disposition, it carries a fee, unless the testator gives to the first taker an estate for life only, and annexes to it a power of disposition of the reversion.  In that case the express limitation for life will control the operation of the power, and prevent it from enlarging the estate to a fee.

3.  SAME—*rule of construction—intention—how found.*  In construing a will, the intention of the testator, if not inconsistent with the rules of law, must govern; and this intention is to be ascertained from the whole will and all its parts taken together.  Every clause and provision, if possible, should have effect given to it according to the intention of the maker.  A later clause of a will, when repugnant to a former provision, is to be considered as intending to modify or abrogate the former.

4.  SAME—*power of disposition may be annexed to a life estate.*  It is not opposed to any rule of law to create a life estate with a power to sell and convey, and limit a remainder after its termination.

5.  Same—*construed, as creating life estate with power of disposition.* A testator devised all his estate, real and personal, to his wife, for her own use and benefit, with full power to hold, use, enjoy or dispose of the same in any manner she might choose; and the will further provided, that if she so desired she should have full power and authority to convey any and all of the real estate by absolute conveyance in fee simple.  By a subsequent clause the will provided, that after the wife's death, all the real estate not conveyed by her should be sold at the best advantage, and the proceeds distributed in the mode prescribed:  *Held,* that but for the latter clause the wife would have taken an estate in fee, but with the qualification in the latter clause, and in order to give it any effect, the wife should be deemed to have taken only a life estate in the lands, with the power to convey any part of it she might deem necessary.

Writ of Error to the Circuit Court of Sangamon county; the Hon. Charles S. Zane, Judge, presiding.

This was an action of ejectment, brought by Georgietta L. Hamlin and others, against the United States Express Company, for the recovery of certain parts of lots 1 and 2, in block 21, in the old town (now city) of Springfield.  The case was tried by the court on an agreed state of facts, namely, that George Woods, at his death, was the owner in fee of the real estate claimed in the declaration; that he died May 8, 1878, leaving a will, which was duly probated September 3, 1878; that on November 17, 1882, Lucinda Woods, his widow, died, without having in any way disposed of said real estate; that plaintiffs were heirs at law of Lucinda Woods, and, if entitled to recover, had the right to the one undivided one-fourth of said real estate.  The court found for the defendant, and rendered judgment accordingly.

Messrs. McClernand & Keyes, and Mr. N. M. Broadwell, for the plaintiffs in error:

When land is devised to a person with general power to dispose of the same, an estate in fee simple passes.  *Firman v. Beal,* 14 Ill. 244; *Ramsdell v. Ramsdell,* 21 Maine, 288; 4 Kent's Com. *535, 536; *McKenzie's Appeal,* 41 Conn. 607.

Under our statute every devise of lands is deemed a fee, if a less estate is not limited. Rev. Stat. chap. 30, sec 13; *McConnell* v. *Smith*, 23 Ill. 611; *Leiter* v. *Shepherd*, 85 id. 242.

If lands are devised to a person and his heirs, with a gift over if he die intestate or shall not part with the property in his lifetime, the gift over is repugnant and void. 2 Jarman on Wills, *15; *Rand* v. *Meir*, 47 Iowa, 607; *McKenzie's Appeal*, 41 Conn. 607; *Ryan* v. *Meyer*, 1 Coldw. 226; *Siegwald* v. *Siegwald*, 37 Ill. 430; *Holliday* v. *Dixon*, 27 id. 33; *Welsch* v. *Bank*, 94 id. 203; *Brownfield* v. *Wilson*, 78 id. 471; *Roseboom* v. *Roseboom*, 81 N. Y. 356.

A valid executory devise can not subsist under an absolute power of disposition in the first taker. 4 Kent's Com. *270; *Jackson* v. *Robbins*, 16 Johns. 537; *Ryan* v. *Meyer*, 1 Coldw. 226.

Messrs. GREENE, BURNETT & HUMPHREY, for the defendant in error:

The position contended for by plaintiffs in error is to give effect only to the first few lines of the will, leaving all that follows without purpose,—in other words, that it was not in the power of the testator, after giving an estate without qualification in one part of the will, to qualify the estate in a subsequent part, and that this is true no matter how clearly the intention to limit the estate granted may appear. The intention of the testator, as gathered from every part of the will, must govern. *Smith* v. *Bell*, 6 Pet. 68; *Johnson* v. *Johnson*, 98 Ill. 564; *Bland* v. *Bland*, 103 id. 12; *Smith* v. *Taylor*, 21 id. 296; *Willis* v. *Watson*, 4 Scam. 64; *Caruthers* v. *McNeil*, 97 Ill. 256; *Holliday* v. *Dixon*, 27 id. 33; *Pool* v. *Blakie*, 53 id. 495; *Markillie* v. *Ragland*, 77 id. 98; *Duryea* v. *Duryea*, 85 id. 91.

An estate devised may be enlarged, restricted or limited by subsequent words in a will. *Smith* v. *Bell*, 6 Pet. 68; *Bergan* v. *Cahill*, 55 Ill. 161; *Johnson* v. *Johnson*, 98 id. 564.

Mr. JOSEPH M. GROUT, for the legatees in the will:

The intention of the testator must be sought and enforced, if consistent with the rules of law. *Boyd* v. *Strahan,* 36 Ill. 358; *Bergan* v. *Cahill,* 55 id. 160; *Markillie* v. *Ragland,* 77 id. 101; *Rountree* v. *Talbot,* 89 id. 249; *Johnson* v. *Johnson,* 98 id. 564; *Bland* v. *Bland,* 103 id. 12; *Kennedy et al.* v. *Kennedy et al.* 105 id. 353.

The intention must be gathered from the whole instrument. *Bergan* v. *Cahill,* 55 Ill. 160; *Markillie* v. *Ragland,* 77 id. 100; *Caruthers* v. *McNeil,* 97 id. 256; *Johnson* v. *Johnson,* 98 id. 564; *Bland* v. *Bland,* 103 id. 12.

If possible, all clauses of the will must be given effect. *Bland* v. *Bland,* 103 Ill. 12; *Johnson* v. *Johnson,* 98 id. 564; *Brownfield* v. *Wilson,* 78 id. 467; *Rountree* v. *Talbot,* 89 id. 249; *Markillie* v. *Ragland,* 77 id. 101; *Bergan* v. *Cahill,* 55 id. 160.

We think it is clearly settled in this State that a power of sale attached to a life estate will not enlarge it into a fee. If the life estate is given in express terms, it is beyond all question. *Fairman* v. *Beal,* 14 Ill. 244; *Boyd* v. *Strahan,* 36 id. 355; *Funk* v. *Eggleston,* 92 id. 532.

Messrs. GROSS & ZANE, also, for the defendant in error:

So far as applicable to the facts of this case, the decisions of this court would seem to establish the following rules of construction:

The prime object in the construction of wills is, to ascertain the intention of the testator. *Boyd* v. *Strahan,* 36 Ill. 359; *Markillie* v. *Ragland,* 77 id. 98; *Brownfield* v. *Wilson,* 78 id. 467; *Kennedy* v. *Kennedy,* 104 id. 350.

For this purpose courts will look to the language of the will itself. (*Siegwald* v. *Siegwald,* 37 Ill. 435; *City of Peoria* v. *Darst,* 101 id. 609; *Blanchard* v. *Maynard,* 103 id. 60.) And will consider all parts of the will together. (*Bergan* v. *Cahill,* 55 Ill. 160; *Johnson* v. *Johnson,* 98 id. 564.) And, if

possible, give effect to every part. (*Bland* v. *Bland*, 103 Ill. 11; 1 Sheppard's Touchstone, \*451.) And this though it may contravene an artificial rule of construction. *Kennedy* v. *Kennedy*, 104 Ill. 350.

If the different parts of a will are found to be irreconcilable, the latter provisions must prevail as a modification or abrogation of the former. *Murfitt* v. *Jessop*, 94 Ill. 158.

A devise for life may be coupled with an absolute power of disposition in a life tenant. *Markillie* v. *Ragland*, 77 Ill. 98; *Welsch* v. *Belleville Savings Bank*, 94 id. 191; *Henderson* v. *Blackburn*, 104 id. 227; *Fairman* v. *Beal*, 14 id. 244.

The gift of an estate of inheritance in lands may be restricted by subsequent words, and changed to an estate for life. *Bergan* v. *Cahill*, 55 Ill. 160; *Johnson* v. *Johnson*, 98 id. 564.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The only question presented upon this record is, whether Lucinda Woods took a title in fee simple under the will of her husband, George Woods. If she did, the judgment below must be reversed. If she did not, it must be affirmed.

The provisions of the will material to the question are as follows: "After the payment of my just debts and funeral expenses, I give, devise and bequeath all my estate, real and personal, of whatever kind and wherever situated, to my wife, Lucinda Woods, for her own use and benefit, with full power to hold, use, enjoy or dispose of the same in any manner she may choose, and, if she so desires, she shall have full power and authority to convey any and all of my real estate by absolute conveyance in fee simple. After the death of my wife, Lucinda Woods, it is my will that all my real estate which shall not have been conveyed by her shall be sold at the best advantage, and in such manner as shall seem for the best interest of said estate, and of the proceeds of said sale it

is my will that $5000 be invested for the use and benefit of Carrie Sweet, in the following manner," etc. "$5000 to be for the benefit of George W. Sweet; $5000 for the benefit of Marion H. Sweet; $2000 to be paid to Joanna D. Stokes," etc.

It was admitted upon the trial that Joanna D. Stokes, named in said will, was a favorite niece of George Woods; that Carrie Sweet was raised by Mr. and Mrs. Woods as a member of the family; that all the legatees are living, and are taking steps to have said real estate sold as provided by the will, and that Mr. and Mrs. Woods never had any children.

The doctrine relied upon by counsel for plaintiffs in error, that where there is a devise of an unlimited power of disposition of an estate in such manner as the devisee may think fit, a limitation over is inoperative and void by reason of its repugnance to the principal devise, is not controverted by counsel for defendant in error, and is undoubtedly well established. (*Fairman* v. *Beal*, 14 Ill. 244, *Welsch* v. *Belleville Savings Bank*, 94 id. 203, and other authorities cited.) But this doctrine has no application to a case where a life estate is clearly given to the first taker. (*Welsch* v. *Belleville Savings Bank, supra.*) "If an estate be given to a person, generally or indefinitely, with a power of disposition, it carries a fee, unless the testator gives to the first taker an estate for life only, and annexes to it a power of disposition of the reversion. In that case the express limitation for life will control the operation of the power, and prevent it from enlarging the estate to a fee." 4 Kent's Com. (8th ed.) 603, *526.

The principal rules of construction in such cases have been often quoted by this court, and are familiar to the profession. They are: The intention of the testator, if not inconsistent with the rules of law, shall govern, and this intention is to be ascertained from the whole will and all its parts taken together. Every clause and provision, if possible, should

have effect given to it according to the intention of the maker. A later clause of a will, when repugnant to a former provision, is to be considered as intending to modify or abrogate the former. It is not opposed to any rule of law to create a life estate, with power to sell and convey, and limit a remainder after its termination. *Rountree* v. *Talbot,* 89 Ill. 249; *Brownfield* v. *Wilson,* 78 id. 467; *City of Peoria* v. *Darst,* 101 id. 609; *Bland et al.* v. *Bland et al.* 103 id. 11; *Henderson* v. *Blackburn,* 104 id. 227; *Bergan* v. *Cahill,* 55 id. 160; *Friedman* v. *Steiner, ante,* p. 125; *Smith* v. *Bell,* 6 Pet. 68.

The language of this will is such as to leave no rational doubt that it was intended the wife of the testator should take a life estate, with power of disposing of and conveying the fee, and that the specific legatees should take the remainder. The wife is given everything, with full power to use, enjoy and dispose of the same, and convey the real estate by absolute conveyance in fee simple. This, if unqualified, would, of course, vest a fee simple in the real estate; but being qualified, in order to give the language of the qualification any effect this language must be restricted to the life of the wife of the testator. It is contemplated there will be real estate which shall not have been sold by the wife in her lifetime, and this is to be sold, not for the benefit of the wife's estate, but for the benefit of the estate of the testator, and the proceeds divided among other designated objects of his bounty. Having no children, it was not unnatural, but was, indeed, most reasonable, that the testator should design that his wife should have the use of his entire estate during her life, with the privilege of conveying whatever part of it she might deem necessary, and yet at the same time intend that what she should not consume should go to other objects of his bounty,—those standing next highest in his affections. The latter part of the will is to be considered no less than the former part, and to the extent there is repugnance the

language of the former part is to be read as modified by that of the latter part. So reading it, the words. "during her natural life," must be understood as annexed to and qualifying the first clause. The cases before cited as quoting the rules of construction applicable to the present case, will be found to be entirely analogous in principle.

We see no cause to disturb the judgment below, and it is therefore affirmed.

*Judgment affirmed.*