## EDWARD B. HEALY.

### *v.*

## ALICE EASTLAKE

*Filed at Springfield April 2, 1894.*

1. WILLS—*construction—intention of testator.* The purpose of the construction of a will is to arrive at the intention of the testator, and to do this all parts of the will should be considered, and, if possible, each provision, word and phrase given effect.

2. SAME—*later clause modifies former.* A later clause of a will, when inconsistent with a former provision, will be considered as intended to modify, limit or abrogate the former.

3. SAME—*different parts of will to be reconciled.* Only as a last resort will a court hold conflicting provisions of a will irreconcilably repugnant.

4. SAME—*power of disposal in first devisee.* The rule that where the first devisee has discretionary power of disposal, and not a mere power of appointment, an estate limited over is void, can only be applied where, upon consideration of the whole will, the first taker is seen to be given the absolute right to dispose of the property.

5. SAME—*whether estate of inheritance or for life given.* If a testator in one part of his will gives an estate of inheritance, and in subsequent passages shows he means the devisee to take a life interest, only, the prior gift will be restricted accordingly.

6. SAME—*rules of construction applied.* Where, in each instance of the mention of a devise of lands to a daughter in a will, it was stated to be "subject to conditions" to follow, which conditions were subsequently expressed to be, that, should said daughter leave issue, "the remainder  *  *  *  shall pass and vest  *  *  *  in such issue," or should said daughter die without issue "all the remainder of said property  *  *  *  to pass and be vested in L. and his heirs," etc., it was *held,* that only a life estate vested in the daughter, and that the remainder was "devised over," notwithstanding the original words of gift were broad enough to vest a fee.

7. In such case the effect of the conditions named was to modify the general words of the former paragraph, and terminate the estate with the daughter's life.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM G. EWING, Judge, presiding.

This was a bill in the Superior Court of Cook county, by appellee, against appellant, to compel the specific performance of a contract, dated June 15, 1892, for the purchase by appellant of the north half of lot 5, block 10, Duncan's addition to Chicago. The purchase price was $26,000, of which $500 was paid down and balance to be paid October 1, 1892. Upon examination of the abstract of title furnished by appellee, appellant objected that appellee was not seized of a fee simple title in the premises, and refused to consummate the purchase.

The bill alleges that complainant is seized in fee simple of the premises, as devisee of Carrie C. Smith, who died testate June 1, 1876 ; sets out the will of said Carrie C. Smith, the provisions of which, so far as material here, are as follows :

"*Second*—I give, devise and bequeath unto my beloved daughter, Alice, sometimes called by the pet name 'Charlie,' (she being my only child,) all my property, both real and personal, subject, however, to the conditions hereinafter following.

"For, during and until she shall have reached the age of twenty-five years she sha'l have only the income of the said property, and not the management thereof, but the hereinafter appointed executor, guardian and trustee, or

his successor, shall in all things, subject, nevertheless, to law, have the full care, custody and control of all of said property.

"Should my said daughter, Alice, marry with the consent of said guardian, executor and trustee before reaching the age of twenty-five, if not, then upon her reaching the age of twenty-five, she shall have the full care, control, management and custody of said property, and the title thereof shall then vest in her, subject to the conditions herein set forth. For, during and until my said daughter, Alice, shall have reached the age of twenty years, she shall receive from said guardian, executor and trustee only such part of any income which said property may produce, as said guardian, executor and trustee, and the honorable probate court of Cook county, shall deem best. Upon reaching the age of twenty years she shall have all the said income.

"Should my daughter, Alice, die without issue of her body, I hereby direct that all the remainder of said property so given to my daughter, Alice, should at once pass and be absolutely vested in Benjamin S. Lamothe, and his heirs, executors and administrators, forever. Should my daughter, Alice, die, leaving issue of her body, the remainder of said property shall pass and be vested, absolutely and forever, in such issue, subject, nevertheless, to any provisions or restrictions as my said daughter, Alice, may, by will and testament, see fit to make.

"I hereby express the wish that my said daughter, Alice, will make such will; that should the said Benjamin S. Lamothe survive her said issue, that then the remainder of the said property shall vest in him, I being particularly desirous that said Benjamin S. Lamothe should possess all the remainder of my said property, unless there be living direct issue of my said daughter, Alice."

The bill then alleges that complainant had arrived at the age of twenty-five years long prior to the making the said contract, which is then set out *in hæc verba;* alleges

that complainant is ready and willing to perform her part of said contract, and has offered so to do, by tendering to defendant a warranty deed, duly executed, to the premises, etc., but that defendant refused to comply with said contract, and gave as his reason therefor that complainant, by said will, did not acquire fee simple title to the said premises, etc.; prayer for specific performance, etc. To this bill defendant filed a general demurrer, which was overruled by the court, and a decree entered in accordance with the prayer of the bill. The defendant elected to stand by his demurrer, and prosecutes this appeal.

Mr. DAVID SULLIVAN, for the appellant:

The intention of a testator is the controlling element in the construction of wills. *Rountree* v. *Talbot*, 89 Ill. 246 ; *Funk* v. *Eggleston*, 92 id. 515.

Particular expressions yield to the general purpose. *Updike* v. *Tompkins*, 100 Ill. 406.

When wills are written by persons unskilled in the use of legal terms, technical rules are not rigidly enforced. *Brownfield* v. *Wilson*, 78 Ill. 467 ; *Bergan* v. *Cahill*, 55 id. 160.

This much is clear : The testatrix gives all her property, real and personal, to her daughter, Alice, subject to certain conditions, and one of these is, that "should my daughter, Alice, die, leaving issue of her body, the remainder of said property shall pass and be vested, absolutely and forever, in such issue."

In support of the proposition that the daughter, Alice, only takes a life estate in the real estate, with remainder to the issue of her body, the attention of the court is called to the following authorities : *Bergan* v. *Cahill*, 55 Ill. 160 ; *Johnson* v. *Johnson*, 98 id. 564 ; *Oyster* v. *Krull*, 13 Pa. St. 448 ; *Wetter* v. *Cotton Press Co.* 75 Ga. 540.

The intention of the testatrix, which is to be gathered from the whole will, must prevail. *Boyd* v. *Strahan*, 36 Ill. 355.

Messrs. DUNCAN & GILBERT, for the appellee :

There is no "remainder" created by the will. Alice is not given merely a life estate, but a fee simple, in the preceding portion of the will, and the will places no restraint upon her right to alienate or dispose of the property. If there were any doubt that Alice took an estate in fee simple, with power of disposition, it would be found settled by the authorities. *Ide* v. *Ide*, 5 Mass. 500 ; *Friedman* v. *Steiner*, 107 Ill. 125 ; *Post* v. *Rohrbach*, 142 id. 600.

The case at bar is forcibly illustrated by that large class of cases where there is a devise absolute in its terms in the first instance, but followed by a devise over of anything that may remain or be undisposed of at the death of the first devisee. *Joslin* v. *Rhoades*, 150 Mass. 301 ; *Moore* v. *Sanders*, 15 S. C. 440 ; *McClelland* v. *Larchar*, 45 N. J. Eq. 17 ; *Jackson* v. *Robins*, 16 Johns. 537 ; *Howard* v. *Carusi*, 109 U. S. 725 ; *Mitchell* v. *Morse*, 77 Me. 423.

Mr. JUSTICE SHOPE delivered the opinion of the court :

The question presented by this record is as to what estate appellee took under the will of her mother. If she took the fee simple, or can convey the fee simple, the decree for specific performance was properly entered, otherwise not.

It is elementary that the intention of the testator, as expressed in his will, shall govern in its construction. In giving effect to the intention, every provision, whenever doubt or uncertainty supervenes, is, if possible, to be given significance and force.

It is insisted by counsel for appellee that the daughter, Alice, took an estate in fee simple, and therefore, being given unlimited power of disposition, any limitation over would be inoperative and void, as inconsistent with the principal devise. The doctrine contended for is stated by Redfield (2 Law of Wills, 277,) to be, "that where the first devisee has the absolute right to dispose of the prop-

erty in his own unlimited discretion, and not a mere power of appointment among certain specified persons or classes, any estate over is void, as being inconsistent with the first gift." And this doctrine has become well established in this State. (*Hamlin* v. *United States Express Co.* 107 Ill. 443.) But that it has application here is a misapprehension. "The exclusion of the devise over," says Redfield, (id. 278,) "depends upon whether the first taker has the absolute right to dispose of the property," and if, upon consideration of the will, it appears that the testator has manifested a different or contrary intention, such construction will be adopted, if possible, as will harmonize and give effect to the apparently repugnant provisions, (*Murfitt* v. *Jessop*, 94 Ill. 158,) and to do this, the court may, if necessary, restrict or decrease the prior devise. (1 Redfield on Wills, 443, *et seq.*; 2 Jarman on Wills, 44, *et seq.*) As said by Jarman (id. 45): "It is obvious that a will can seldom be rendered absolutely void for mere repugnancy. For instance, if a testator, in one part of his will, gives to a person an estate of inheritance in lands, * * * and in subsequent passages shows that he means the devisee or legatee to take a life interest, only, the prior gift is restricted accordingly." Only as a last resort will a court hold conflicting provisions of a will irreconcilably repugnant. 1 Redfield on Wills, 451.

By the second clause of the will there was devised to the daughter, Alice, all the property, real and personal, "subject, however, to the conditions hereinafter [in the will] following." That the language is sufficiently broad to vest the personal property absolutely, and the real estate in fee, is not questioned, and unless a limitation is placed thereon by the subsequent clauses of the will, as we have seen may be done, the absolute title passed to the devisee. The testatrix next makes provision for the care, custody and control of said property by the executor and trustee, and expressly provides that until the devisee shall have reached the age of twenty-five years

"she shall have only the income of said property, and not the management thereof." The next clause provides, that if the daughter shall marry, with the consent of the guardian and trustee, before reaching the age of twenty-five years, or if not, then upon arriving at that age, "she shall have the full care, control, management and custody of said property, *and the title thereof shall then vest in her, subject to the conditions herein set forth.*" The clause then provides that part, only, of the income shall be paid the daughter until she arrives at the age of twenty years, and thereafter she shall have all the income.

It seems clear, that had the will stopped at this point the daughter would have taken the fee simple absolute in the real estate of the testatrix upon her marriage with the consent of the guardian, or upon reaching the age of twenty-five years. While no power of disposition is given by express language, she then comes into the "full care, control, management and custody" of the property, and the title thereof is to vest in her. There being no words, thus far, restraining the effect of the first paragraph of this clause of the will devising to her all the property, the effect of what follows, so far as we have considered it, is to leave the title in her, subject to the custody, management and control of the estate in the hands of the guardian and trustee until the arrival of the period when the control and management thereof is to pass to her. The words "and the title thereof shall then vest in her," are capable of no construction other than that the estate shall then vest in possession.

It is to be observed that thus far the devise is subject to the conditions thereafter set forth in the will. The next paragraph provides, that if the daughter, Alice, should die, "leaving issue of her body, the remainder of said property shall pass and be vested, absolutely and forever, in such issue," subject, nevertheless, "to any provisions or restrictions as my said daughter, Alice, may, by will and testament, see fit to make." If she should die without

issue of her body, it is provided, "I hereby direct that all the remainder of said property *so given to my daughter, Alice,* should at once pass and be absolutely vested in Benjamin S. Lamothe, and his heirs, executors and administrators, forever." It is to be noticed that the testatrix, in each instance where the devise to her daughter is mentioned, expressly makes the same subject to the conditions thereafter following. Nowhere is any intention expressed that in any event the estate is to vest in the heirs, generally, of the daughter. In the event of her death the remainder is to go to the issue of her body surviving her, otherwise to Benjamin S. Lamothe "and his heirs," forever. If the intention of the testatrix to exclude the possibility of the estate going to the heirs, generally, of the daughter, Alice, was left in doubt by these provisions, it is rendered clear by the next paragraph, by which the testatrix expresses the wish, that, should said Lamothe survive the issue of the body of Alice, the latter should make such will that the remainder of the property should vest in him, "I being particularly desirous that said Benjamin S. Lamothe should possess all the remainder of my said property, unless there be living direct issue of my said daughter, Alice."

It seems absolutely certain that by the devise of the estate to the daughter, subject to these conditions, the testatrix intended the estate should, upon the death of the daughter, go to the heirs of her body, or in the event of none such surviving the daughter, then to said Lamothe, and that such designated persons should take under the will, and not as heirs of the first devisee. The words employed by the testatrix are apt words of devise,—that is, that the remainder, upon the death of the first taker leaving issue of her body surviving, "shall pass and be vested, absolutely and forever, in such issue," or in the event of Alice dying without issue, it is provided, "I hereby direct that all the remainder of said property at once pass and be absolutely vested in Benjamin S. Lamothe and his

heirs, * * * forever." It is by her will, "hereby," that the testatrix intended Lamothe should take, in the event of the daughter dying without issue her surviving. As already seen, in each instance where the will speaks of the interest the daughter shall take, it is expressly made subject to the conditions following. The daughter then took "subject to the condition" that, in any event, her estate should terminate with her life, for if she died leaving issue of her body, they would take from the testatrix, under the will, or if she died without issue surviving her, the whole remainder would at once go to Lamothe and his heirs, in fee simple. This is wholly inconsistent with an intention that the daughter shall take the fee or absolute title. The devise over contravenes no rule of law. It may be that the clause by which the testatrix expresses a desire that the daughter shall, by will, vest the estate in Lamothe after the death of her issue who may survive her, if it be considered other than precatory, is void under the statute against perpetuities; but no objection can be made to the provisions of this will vesting the estate in such issue, or, in the contingency of none surviving the daughter, in Lamothe and his heirs. The estate must, in either event, vest upon the termination of a life in being.

It is said that the "remainder" devised to the issue of the daughter, or, in the alternative, to Lamothe and his heirs, is to be construed only as the residue of the estate that may be left undisposed of at the death of the daughter, Alice, and the cases of *Ide* v. *Ide*, 5 Mass. 500, *Friedman* v. *Steiner*, 107 Ill. 125, and *Post* v. *Rohrbach*, 142 id. 600, are cited as sustaining the contention. These cases are not here in point. Upon the first devisee arriving at the age of twenty-five years she is given the full "care, control, management and custody" of the property devised, and is to receive the entire income after she arrives at the age of twenty years. There is no power of disposition except such as might arise from the title vested by the provisions of the will. As said by Chief Justice MARSHALL in *Smith*

v. *Bell*, 6 Pet. 68: "The rule that a remainder may be limited after a life estate in personal property, is as well settled as any other principle of our law. The attempt to create such limitation is not opposed by the policy of the law or by any of its rules. If the intention to create such limitation is manifested in a will, the courts will sustain it." No determination of the effect of an alienation, by the devisee, of the personalty, after reducing it to possession, is required in this case. The remainder in the property, after the termination of the life estate in the daughter, Alice, passed, by the will, in the alternative, to the issue of her body, or to Lamothe and his heirs. As before said, the purpose of construction is to arrive at the intention of the testator. To do this, all parts of the will should be considered, and each word and phrase given effect in the construction; and a later clause of the will, when inconsistent with or repugnant to a former provision, is to be considered as intended to modify, limit or abrogate the former. *Murfitt* v. *Jessop, supra; Hamlin* v. *Express Co. supra.*

The effect of the conditions named is to modify the general words of the first paragraph of the second clause of the will, and, as we have seen, to terminate the estate devised to the daughter, Alice, with her life. It seems clear that the intention of the testatrix was to give a life estate, only, to her daughter, Alice, and this intention, not being opposed to the rules of law or contrary to its policy, must govern in the construction of the will, and the remainder over after this life estate was devised over.

We are of opinion that the court erred in overruling the demurrer and entering a decree for specific performance of the contract. The decree will accordingly be reversed and the cause remanded, with instructions to dismiss the bill.

*Reversed and remanded.*